WESTERN DIST.
*Sept.* 1837.

PARMLEE AND
BAKER
*vs.*
BRASHEAR.

PARMLEE & BAKER *vs.* BRASHEAR.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE
OF THE SEVENTH PRESIDING.

When a curator's bond is forfeited by a failure to comply with its condi-
tions, and such failure and breach of the condition of the bond are
alleged, a right of action accrues against the surety, which authorizes the
party injured to maintain suit on the bond in the courts of general juris-
diction.

So, where a tableau of distribution has been filed, and the curator authorized
and directed to pay accordingly, if he neglects to pay when thus legally
required, the creditor has at once his remedy on the bond.

This is an action on a curator's bond against the surety therein. The plaintiffs allege, that the estate of Robert S. Barr, deceased, in the Parish of St. Mary, is indebted to them in the sum of three hundred and sixty-seven dollars, with interest. That R. S. Brashear was duly appointed curator of said estate, with the defendant, Walter Brashear, his surety, in the bond.

He further, alleges that the said curator had obtained a prolongation of his term, and renewed his bond ; but that he has failed to pay said claims, although requested to do so, and when there were ample funds in his hands to pay the debts of the estate. He alleges, that the surety bond has become forfeited by reason of the illegal and unfaithful admi-

42

WESTERN DIST. ni͏stration of said testate, and that the surety is liable for the
Sept. 1837. debts thereof. Wherefore he prays for judgment against
him. The defendant pleaded that this action was premature,
PARMLEE AND because the curator of W. S. Barr, deceased, had not filed a
BAKER
vs.
BRASHEAR. definitive tableau or settlement of the estate.; that it must
be definitively settled contradictorily with the curator, in
order to ascertain its situation. A liquidation of the estate
should have been provoked in the Court of Probates, before
suing on the bond. In his answer he pleaded a general
denial, and states, that the funds of the estate are amply suf-
ficient to pay the creditors thereof ; that the curator has not
been guilty of mal-administration as alleged. He prays that
this suit be dismissed.

The case was tried on these pleadings and issues.

The conditions of the curator's bond, sued on, were, that
" he should well and truly administer upon the estate of W.
S. Barr, deceased, and faithfully execute and perform the
duties required of him by law, as curator, and shall account
for, and pay over to the heirs, etc. of W. S. Barr, deceased,
or to such *person or persons that shall be entitled to the same
when thereto legally required*, all such sums of money as shall
come into his hands as curator aforesaid ; then the above
obligation to be void, etc."

The plaintiffs previously obtained a judgment in the Pro-
bate Court, liquidating their debt, and which was afterwards
placed on two tableaus, filed by the curator. His term had
been prolonged twice. The present suit was instituted on
the 14th of September, 1835.

The district judge was of opinion, that the suit was pre-
mature, and that the plaintiff should have pursued the estate
by a different process. There was judgment for the defend-
ant, and the plaintiff appealed.

*Splane*, for the plaintiffs.

*Simon, contra.*

*Bullard, J.*, delivered the opinion of the court.

This is an action against the surety, on the bond of the
curator of a vacant estate, in which the plaintiffs ask to

recover the amount of their claim against the estate, on the allegation, that the curator had administered the estate in an illegal manner, and had never paid over to the petitioners the amount of this demand, though ordered to do so by a judgment of the Court of Probates, and that the curator had collected and converted to his use, the monies of the estate, which, he alleges, is perfectly solvent.

WESTERN DIST.
*Sept.* 1827.

PARMLEE AND
BAKER
*vs.*
BRASHEAR.

The defendant, by way of exception, alleges, that the plaintiffs cannot maintain the present action, because they cannot have any recourse against him as the surety of the curator, until the estate is finally settled, and a definitive tableau of distribution filed. That the plaintiffs have no right of action, until the estate be settled contradictorily with the curator in order to ascertain the situation of the same, and that it was the duty of the plaintiffs, before bringing their action, to cause a liquidation of the estate to be made before the Court of Probates, as the District Court has no power to order one. He further denies the allegations in the petition, and that the estate is fully sufficient to pay the debts, and that the curator has not been mal-administered.

This exception was sustained, it being the opinion of the district judge the suit was premature, and that the plaintiff was bound to pursue the estate by a different process.

The only question, therefore, which this case presents, is, whether this dilatory exception ought to have been sustained. This question involves the inquiry, whether a breach of the conditions of the bond has been properly assigned ; for, it will be admitted on all hands, that if the bond has been forfeited by a failure to comply with its conditions, and such failure is alleged in this case, a right of action against the surety has accrued, and the plaintiff is not bound to pursue his remedy by any circuity of action.

When a curator's bond is forfeited by a failure to comply with its conditions, and such failure and breach of the condition of the bond are alleged, a right of action accrues against the surety, which authorizes the party injured to maintain suit on the bond in the courts of general jurisdiction.

The conditions of the bond were, that the curator should well and truly administer, and execute, and perform the duties required of him by law, as curator; and that he should account for and pay over to the heirs, or their legal representatives, or to such persons as shall be entitled to the same

WESTERN DIST.
*Sept.* 1837.
when thereto legally required, all such sums of money as shall come into his hands as curator.

PARMLEE AND
BAKER
*vs.*
BRASHEAR.
The, breach of these conditions is alledged to be, that although the plaintiffs had a judgment, and the order of the Probate Court for the payment of their claim for three hundred and sixty-seven dollars ; and although he had sufficient funds in his hands for the payment of the same, yet he has never paid their claim, but has converted the money to his own use.

We are, by no means, prepared to assent to the broad proposition asserted in the defendant's exception, that no recourse can be had against him upon the bond, until the estate is definitively settled by filing a final tableau of distribution, and liquidated contradictorily with the curator, in the Probate Court. Cases may be supposed, in which the curator, after getting the estate in his hands, wholly neglects to pursue the steps required by law for his administration, or absconds with the proceeds of the estate. It might be wholly impossible for a creditor to proceed contradictorily with him in the liquidation of the estate—*nemo precisé cogitar ad factum.* It was for the purpose of giving to parties interested other means of securing and enforcing their rights, that bonds with sureties are required in the administration of estates. After a tableau of distribution has been filed, and the curator has been authorized and directed to pay accordingly, if he neglects to pay, when thus legally required, it appears to us that the creditor has at once his remedy upon the bond.

So where a tableau of distribution has been filed, and the curator authorized and directed to pay accordingly, if he neglects to pay when thus legally required, the creditor has at once, his remedy on the bond.

In the case before the court, the plaintiff exhibits a judgment against the estate, liquidating their claim, and two tableaus of distribution, presented by the curator himself, in which the plaintiffs are represented as creditors of the estate, with orders of the Court of Probates for the payment accordingly, and yet, it is alleged, that he has not paid.

Assuming, therefore, as true, what is alleged in the plaintiffs' petition, we think they have averred a breach of the conditions of the bond, which entitles their recourse upon it, against the surety, in courts of ordinary jurisdiction, and that the exception ought not to have been sustained. But as the

court below does not appear to have ¦tried the case upon its merits, and to have inquired into the amount to which the plaintiffs might be entitled, it being admitted that a small part was paid, the case must be remanded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed; that the exception be overruled, and the case remanded to the District Court for further proceedings, according to law, the appellant paying the costs of the appeal.